UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALBERTIE,

               Petitioner,

v.                                  Case No. 3:07-cv-144-J-33JRK

WALTER A. MCNEIL,
et al.,

               Respondents.

_____

**ORDER**

**I. Status**

     Petitioner Robert Albertie, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 2, 2007. Petitioner challenges a 2002 state court (Duval County, Florida) judgment of conviction for two counts of sale or delivery of cocaine within 1,000 feet of a church on the following grounds: (1) Petitioner was denied a fair trial and the effective assistance of trial counsel due to counsel's failure to request a jury instruction on Petitioner's knowledge of the illicit nature of the

substance allegedly sold, and (2) ineffective assistance of trial counsel for counsel's failure to argue, as grounds for his motion for judgment of acquittal or motion for new trial, that the State failed to prove as an essential element that Petitioner had knowledge of the illicit nature of the substance.

Respondents have responded. <u>See</u> Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. #8) (hereinafter Response). In support of their contentions, they have submitted exhibits.[1] Petitioner was given admonitions and a time frame to respond. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #5). Petitioner has responded. <u>See</u> Petitioner's 28 U.S.C. § 2254 Reply (Doc. #11). This case is now ripe for review.

## II. Procedural History

Petitioner was charged with, tried for and convicted of two counts of sale or delivery of cocaine within 1,000 feet of a church. Ex. A at 16-17, Amended Information, filed June 12, 2002; Ex. A at 51-52, Verdicts, dated October 10, 2002; Ex. B and Ex. C, Transcripts of the Jury Trial Proceedings (hereinafter Tr.) at 323. On November 19, 2002, Petitioner was sentenced, as a habitual felony offender, to fifteen years of incarceration on each count, to run concurrently to each other. Ex. A at 68-74, 87-104. At the

---

[1] The Court will hereinafter refer to Respondents' exhibits, attached to their Response, as "Ex."

2

trial and the sentencing proceedings, Petitioner was represented by Alphonse Bernard Perkins, an Assistant Public Defender.[2]

On appeal, Petitioner, through counsel, raised the following ground:  the trial court erred in failing to conduct the mandated inquiry when Petitioner unequivocally asserted his right to self-representation, guaranteed by the Sixth Amendment to the United States Constitution, and when Petitioner asserted his court-appointed counsel was not representing him effectively.  Ex. E. The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. F; Ex. G.  On December 22, 2003, the appellate court per curiam affirmed without issuing a written opinion.  <u>Albertie v. State</u>, 861 So.2d 1153 (Fla. 1st DCA 2003).  The mandate was issued on January 7, 2004.  Ex. H.

On or about May 16, 2004, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following grounds: (1) Petitioner was denied a fair trial and the effective assistance of counsel due to counsel's failure to request a jury instruction on Petitioner's knowledge of the illicit nature of the substance allegedly sold, and (2) counsel was ineffective for failure to argue, as grounds for his motion for judgment of acquittal or motion for new trial, that the State failed to prove as an essential element that Petitioner had

---

[2] Mr. Perkins was admitted to the Florida Bar in 1990.  <u>See</u> http://www.floridabar.org.  Thus, at the time of the trial in 2002, he had been practicing law for over twelve years.

knowledge of the illicit nature of the substance.  Ex. I at 1-4. Thereafter, on or about June 2, 2006, Petitioner filed a petition for writ of mandamus, requesting the appellate court to order the lower court to rule on the motion for post conviction relief.  Id. at 5-9.  On July 21, 2006, the trial court denied his Rule 3.850 motion.  Id. at 10-17; Petition, Exhibit A, Order Denying Defendant's Motion for Post Conviction Relief.  On February 20, 2007, the appellate court per curiam affirmed without issuing a written opinion.  Albertie v. State, 950 So.2d 415 (Fla. 1st DCA 2007); Petition, Exhibit B.  The mandate was issued on March 20, 2007.  Ex. J.

The Petition (signed on February 28, 2007; filed on March 2, 2007) is timely filed within the one-year period of limitation. See 28 U.S.C. § 2244(d); Response at 2.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

4

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

## IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v.

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

6

Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

### V. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of

7

> counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit stated:

> The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of Strickland. We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted). As a result of this presumption, a petitioner must

8

>show "that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. at 1314 n. 15 (quoting Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999)). Moreover, because the standard is an objective one, trial counsel's admission that his performance was deficient "matters little." Id. at 1315 n.16. We must also avoid "the distorting effects of hindsight" and evaluate the reasonableness of counsel's performance from the perspective of counsel at the time the acts or omissions were made. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Jennings v. McDonough, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

### VI. Findings of Fact and Conclusions of Law

#### A. Ground One

As ground one, Petitioner claims that defense counsel's failure to request a jury instruction on Petitioner's knowledge of the illicit nature of the substance allegedly sold denied him a fair trial and the effective assistance of counsel. As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion. In denying this claim, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law and stated in pertinent part:

>In ground one, the Defendant asserts that counsel rendered ineffective assistance by failing to request a jury instruction based upon the Defendant's knowledge of the illicit nature of the substance sold. Counsel's alleged failure to insist on such an

9

>   instruction, according to the Defendant, resulted in the issue not being preserved for appellate review.
>
>   Prior to May 13, 2002, a defendant charged under chapter 893 was entitled to a jury instruction that the State had to prove that the defendant had a knowledge of the illicit nature of the substance. Chicone v. State, 684 So.2d 736 (Fla. 1996); Scott v. State, 808 So.2d 166 (Fla. 2002).[4] The

---

[4] In 1996, in Chicone, 684 So.2d 736 (Fla. 1996), the Florida Supreme Court held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of the substance. Thus, the court stated:

>   While the existing jury instructions are adequate in requiring "knowledge of the presence of the substance," we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed. We hold that the defendant was entitled to a more specific instruction as requested here.

Id. at 745-46 (footnote omitted).  Subsequently, in Scott v. State, 808 So.2d 166 (Fla. 2002), the Florida Supreme Court further explained its holding in Chicone, stating:

>   We therefore reiterate our holding in Chicone that knowledge of the illicit nature of the contraband is an element of the crime of possession of a controlled substance, a defendant is entitled to an instruction on that element, and it is error to fail to instruct on that element. It is error to fail to give an instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance. Additionally, the Medlin presumption or inference is applicable to those cases where the defendant has actual, personal possession of the substance. The

>Florida Legislature, however, intended for the actual or constructive possession of a controlled substance by a defendant to imply knowledge on his part as to the illicit nature of the substance. This intent on the part of the Legislature was clarifiied in the creation of section 893.101, Florida Statutes, which took effect on May 13, 2002, specifying that knowledge of the illicit nature of a controlled substance is not an element of an offense under chapter 893. § 893.101, Fla. Stat. (2002). Further, the Legislature specified that juries should be instructed that possession implies knowledge of the illicit nature of the substance, when such an affirmative defense is raised by a defendant. Id. As the Defendant in this case was arrested prior to May 13, 2002, however, the instant case must be examined under the law as it applied prior to that date.[5]
>
>This Court notes that while the Defendant may have been entitled to an instruction on his knowledge of the illicit nature of the substance sold pursuant to Jenkins v. State, 694 So.2d 78 (Fla. 1st DCA 1997)[6], the State

---

>Fifth District's view that any error was harmless because the jury found Scott to be in exclusive control and thus properly inferred knowledge begs the question. How could the jury infer guilty knowledge without being properly instructed on the element of knowledge as well as being instructed on when knowledge can be inferred? The defendant in this case requested a Chicone instruction. The trial court denied that request; the denial was reversible error.

Id. at 172 (footnote omitted).

[5] Petitioner committed the offenses on April 28, 2002. Ex. A at 16, Amended Information.

[6] In Jenkins v. State, 694 So.2d 78, 80 (Fla. 1st DCA 1997), the First District Court of Appeal found that, upon request, a defendant was entitled to a "knowledge" instruction for an offense

11

>would have been entitled to an additional jury instruction that there was a presumption that the Defendant knew the illicit nature of the substance sold based upon the Defendant's act of selling the substance as supported by the testimony presented at trial, pursuant to State v. Medlin, 273 So.2d 394 (Fla. 1973); State v. Williamson, 813 So.2d 61 (Fla. 2002); Foster v. State, 816 So.2d 1177 (Fla. 2d DCA 2002). Further, the Defendant did not testify or present any evidence at trial. The State presented the testimony of the undercover Jacksonville Sheriff's Office (JSO) Detectives to whom the Defendant sold the crack cocaine, as well as the woman arrested with the Defendant for selling the crack, a member of the team that arrested the Defendant, and a senior crime lab analyst that determined that the substance sold was in fact, crack cocaine.
>
>Detective Hollins testified that when his partner, Detective Owens, asked the Defendant where he could get "forty" (meaning $40.00 worth of crack cocaine), the Defendant replied that he did not have any but could take them where they could get some. (Exhibit "C," page 141.)[7] Detective Hollins further testified that after riding with the Detectives to another location, the Defendant eventually provided him with some crack cocaine in exchange for twenty dollars. (Exhibit "C," pages 153-154.) Upon requesting twenty dollars more of crack, the Defendant once again provided Detective Hollins with an additional piece of crack cocaine. (Exhibit

---

of sale of cocaine within 1,000 feet of a school. In Jenkins, the defendant testified that he intended to sell a counterfeit mixture, and he thought he had sold a counterfeit mixture of candle wax, baking soda and an over-the-counter tooth ache remedy. Id. at 79. He requested that the trial court instruct the jury that he could not be found guilty of the offense unless it found that he knew the substance he sold was cocaine. The trial court denied his request, and the appellate court reversed finding he was entitled to the instruction.

[7] Tr. at 141.

"C," page 154.) The testimony of Detective Owens, the driver and partner of Detective Hollins, corroborated the testimony of Detective Hollins that when asked where they could get forty dollars worth of crack cocaine, the Defendant rode with the Detectives to another location, then eventually sold Detective Hollins a total of forty dollars worth of crack cocaine. (Exhibit "C," Pages 182; 191-193.)

    Latheria Adams, the woman arrested with the Defendant, testified that she and the Defendant sold crack cocaine to Detectives Hollins and Owens. Specifically, Ms. Adams testified that in response to the Defendant's request for twenty dollars worth of crack cocaine for the Detectives, she got the crack cocaine and brought it back to the Defendant, who gave it to Detective Hollins in exchange for twenty dollars. (Exhibit "D," pages 214-215.) Ms. Adams further testified that upon requesting twenty dollars more of crack cocaine by Detective Hollins, the Defendant accepted the additional twenty dollars and proceeded to go get some more crack cocaine, which he then gave to the Detective. (Exhibit "D," page 216.) Detective Peterson, a member of the team that arrested the Defendant, testified that Detectives Hollins and Owens identified Latheria Adams and the Defendant as the people who sold them the drugs. (Exhibit "D," page 237.) This Court further notes that the State presented the testimony of Kimberly Lardizabal, a senior crime laboratory analyst from the Florida Department of Law Enforcement. Ms. Lardizabal testified that she analyzed the substance sold to Detective Hollins by the Defendant and determined that it was crack cocaine. (Exhibit "D," page 250.)

    The Defendant points to the State's reference to the Defendant's "knowledge" during closing arguments as putting his knowledge of the illicit nature of the substance at issue in the case. (Exhibit "D," page 281.) Upon examination of the record, however, the State does not assert that the

Defendant had knowledge of the illicit nature of the substance. To the contrary, the State appears to be referring to the four elements that the jury instructions required the State to prove, namely the fourth element, that the Defendant had knowledge as to the presence of the substance. (Exhibit "D," pages 280-281.) As a result, the State did not place the Defendant's knowledge of the illicit nature of the substance into question. In addition, this Court notes that the Defendant has several previous convictions for cocaine possession, as well as admitted [sic] during sentencing in this case that he is a drug addict. (Exhibits "E," "F," "G," "H," pages 15-16.) Therefore, there is no reasonable probability that, had counsel requested an additional jury instruction, the outcome of the proceedings would have been different. Strickland, 466 U.S. 668.

The Defendant further claims that counsel's failure to object to the erroneous jury instruction resulted in the issue not being preserved for appellate review. Any alleged error on counsel's part for failing to object to the lack of an illicit knowledge instruction, however, did not rise to the level of fundamental error, as such knowledge was not an issue in the Defendant's case. Starling v. State, 842 So.2d 992 (Fla. 1st DCA 2003)[8]; Mathis v. State, 859 So.2d 1265 (Fla.

---

[8] The First District Court of Appeal stated in pertinent part:

Appellant challenges his conviction for sale or delivery of cocaine. He alleges that the trial court committed fundamental error in failing to instruct the jury on the essential knowledge element for sale or delivery of cocaine as required by Chicone v. State, 684 So.2d 736 (Fla. 1996). The only issue raised during trial was that appellant was not the person who sold the cocaine.

In Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003), *reh'g denied*, 839 So.2d 734

14

>4th DCA 2003). The only issue raised at trial was whether the Defendant sold cocaine to the JSO Detectives, within 1000 feet of a church. The Defendant neither presented any evidence, nor testified. The State presented numerous witnesses who all testified that the Defendant sold the cocaine to the JSO Detectives. Further, had counsel objected to the lack of such an instruction, the State would have been entitled to an additional instruction allowing the presumption that the Defendant knew the

---

>(Fla. 4th DCA 2003), the Fourth District found no fundamental error in a similar set of facts:
>
>>Chicone requires that, where a defendant requests it, the jury must be instructed that the defendant have knowledge that the substance is illegal. In this case the instruction was not requested, but defendant argues that it was fundamental error not to give it.
>>
>>Because guilty knowledge was not an issue in this case, in that the only position taken by the defendant was that he was not the person who sold the cocaine to the informant, any error in not giving a guilty knowledge instruction would not rise to the level of fundamental error. State v. Delva, 575 So.2d 643 (Fla. 1991). We therefore affirm.
>
>Id.
>
>   As in Davis, defense counsel argued the identification was unreliable; guilty knowledge was not an issue at trial. Thus, any error in not giving the guilty knowledge or Chicone instruction, did not rise to the level of fundamental error.

Starling v. State, 842 So.2d 992, 992-93 (Fla. 1st DCA 2003), rev. denied, 939 So.2d 1060 (Fla. 2006).

> illicit nature of the substance sold based upon his act of selling it to the JSO Detectives. Accordingly, as no fundamental error would have been created even if counsel had objected, the Defendant has failed to establish that he was prejudiced as a result of the alleged errors of counsel. Strickland, 466 U.S. 668.
>
> . . . .
>
> The Defendant has failed to show that there is a reasonable probability that had the instruction been given to the jury, the outcome would have been any different.

Ex. I at 11-14, 15.

As previously noted, the appellate court per curiam affirmed. Accordingly, this ground was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, the ineffectiveness claim is without merit. Even assuming *arguendo* deficient performance by defense counsel,

Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.

### B. Ground Two

As ground two, Petitioner claims that defense counsel was ineffective for failure to argue, as grounds for the motion for judgment of acquittal or motion for new trial, that the State failed to prove as an essential element that Petitioner had knowledge of the illicit nature of the substance.  As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion.  In denying this claim, the trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law and stated in pertinent part:

> In ground two, the Defendant asserts that counsel was ineffective for failing to argue in his Motion for Judgment of Acquittal and Motion for New Trial that the State failed to prove that the Defendant had knowledge of the illicit nature of the substance. The Defendant argues, as in ground one, that the State made knowledge of the illicit nature of the substance an issue when the State referred to the Defendant having "knowledge" during closing arguments. (Defendant's Motion, page 3; Exhibit "D," page 281.) As discussed, *supra*, the record is devoid of any specific reference made by the State during closing arguments as to the Defendant having knowledge of the illicit nature of the substance sold in this case. In denying counsel's Motions for Judgment of Acquittal and for New Trial, the Court found that the State had presented evidence sufficient for a jury to find the

17

> Defendant guilty of selling cocaine. (Exhibit "D," pages 255, 258; Exhibit H," pages 4-5.) As the Defendant did not put forth a defense based on lack of knowledge as to the illicit nature of the substance at trial, counsel could not argue this to the trial court as grounds for a Motion for Judgment of Acquittal or Motion for New Trial.
>
> Further, as discussed, *supra,* in ground one, raising of the issue of knowledge of the illicit nature of the substance sold in either Motion would not have preserved a fundamental error for appellate review, as such knowledge was not an issue at trial.
>
> . . . .
>
> Accordingly, this Court finds that the Defendant has not established that he was prejudiced as a result of the alleged error of counsel in not arguing this issue in either Motion . . . .

Ex. I at 14-15.

As previously noted, the appellate court per curiam affirmed. Accordingly, this ground was rejected on the merits by the state trial and appellate courts. Thus, this ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and

were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, this ineffectiveness claim is without merit. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted).  Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

Even assuming *arguendo* that counsel's performance was deficient, Petitioner has not shown the resulting prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 24th day of July, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 7/23
c:
Robert Albertie
Assistant Attorney General of Record